### OF

## PENNSYLVANIA.

## Eastern District, December Term, 1809.

1809.

*Philadelphia,*
*Monday,*
December 11.

### MILNE *against* DAVIS.

M'*KEAN* for the defendant obtained a rule upon the sheriff, to shew cause why he should not return the poundage charged and received by him in this case.

A *ca: sa:* for 2643 dollars, 16 cents, and interest, was issued against the defendant to *September* term 1802, to which the sheriff returned " *cepi corpus*, and discharged by " plaintiff on payment of costs, which are paid as per order " filed." In these costs was included the sum of 15*l.* 14*s.* 10*d,* *poundage* upon the amount in the execution, no part of which had been received by the sheriff.

*M*'*Kean* said there could be no question that the charge of poundage was illegal, because the fee bill allowed it upon a *ca: sa:* only "*for receiving and paying*" the money. 3 *St. Laws* 782. made perpetual 15th *March* 1800, 4 *St. Laws* 598. In this case the sheriff received nothing under the execution, the defendant having been discharged by the plaintiff.

TILGHMAN C. J. What are his fees for executing a *ca: sa:?* It is a great hardship upon the sheriff to be liable for an escape, and yet to receive nothing.

VOL. II.            S

*The sheriff is not entitled to poundage upon a ca. sa. unless he receives and pays the money.*

*M'Kean.* There does not appear to be any fee for executing a *ca: sa:* but I conceive that the fee bill is the only rule.

PER CURIAM. The act of assembly, in giving poundage ~upon a *ca: sa:* confines it to cases where the money has been paid and received. It may be hard upon the sheriff, but we cannot give what the act refuses. Let the rule be made absolute.